ROBERT E. FARMER, APPELLEE, v. THOMAS W. VOLLENTINE AND OTHERS, APPELLANTS.

1. **Practice on Appeal:** FINDINGS OF FACTS: EVIDENCE. On appeal, if the evidence be not wholly preserved, and brought into the record, the decision of questions of fact will not be disturbed. And this is the rule whether the trial below be to the court, to a referee, or to a jury.

2. **Specific Performance:** WHEN EQUITY WILL COMPEL. A court of equity has jurisdiction to compel the proper application of a specific fund, devoted to a particular use, whenever it becomes necessary to do so in order to prevent a great or irreparable injury, or to avoid a multiplicity of suits.

THIS was an appeal from the district court of Lancaster county.

The facts are stated in the opinion, but it may be added that after the note, therein mentioned as given by the plaintiff to Welton, became due, it remaining unpaid, an action was brought by Welton to foreclose the mortgage given by plaintiff to secure the same, and also to procure a personal judgment against the plaintiff in case the premises failed to bring enough to satisfy the debt, which action was prosecuted to judgment and the premises sold; and after applying all of the moneys realized for the sale of said premises properly applicable thereto, there still remained due something over $600, for which amount a personal judgment was taken against the plaintiff. About the time this judgment was taken, the defendants, Vollentine, Tidball & Haine, commenced an action against Armstrong, and a judgment of foreclosure was taken against him, but before the land was sold Armstrong came in and paid the full amount of the Welton debt into court. The plaintiff requested the defendants, Vollentine, Tidball & Haine, to apply so much of the money paid by Armstrong as was necessary to the payment of the Welton judgment. This the defendants refused to do, and the plaintiff brought this action to compel them to make the application.

Plaintiff had judgment below, and defendants appeal.

*T. M. Marquett*, for appellants.

It was the duty of the plaintiff to pay off the Welton mortgage and make good his covenants of warranty, and the mere fact that the defendants took collateral security does not alter or make less his duty to do so. *Fisher v. Fisher*, 98 Mass., 303. 25 Mich., 393. *Brant v. Ayler*, 49 Ind., 453. The evidence nowhere shows

such an agreement, and an agreement for defendants. No man can profit by his own wrong. It was plaintiff's duty to pay off the Welton mortgage, and make good his covenant; failing to do this and allowing the lands covenanted to be sold and sheriff's deed made, he, plaintiff, becomes indebted to defendants on his covenant in in the sum of $2,800 and interest. *Candrey v. Coit*, 44 N. Y., 382. *Nicholls v. Alexander*, 28 Wis., 118. Defendants never agreed to pay off the Welton mortgage, and never agreed to apply their money realized out of Armstrong mortgage to pay it off, and they never released plaintiff from his covenant. *Emerson v. Bailies*, 19 Pick, 55. An agreement by the defendant to pay the debt of plaintiff must be in writing. *Mallory v. Gillett*, 21 N. Y., 412. *Corkin v. Collins*, 16 Mich., 478. *Huggsett v. Ellis*, 17 Mich., 351. Parson on Contracts, 189, 217.

*Brown & Marshall*, for appellee.

An injunction may be granted to prevent the improper diversion of a specific fund out of which, by agreement between the parties, upon a sufficient consideration, payment of a particular debt or demand is to be made. High on Injunctions, Sec. 699. *Ashe v. Johnson's Admr.*, 2 Jones' Eq., 149. *Stucker v. Yoder*, 33 Iowa, 177.

LAKE, J.

This case is brought here by appeal from Lancaster county. The case below was tried to a referee, by whom all the issues, both of fact and of law, were determined. It does not appear that all of the evidence on which the referee based his findings of fact is included in the record; indeed, it is apparent from his report of the testimony taken before him that it is not all here. One

item in particular, shown to be absent, is a letter written to the plaintiff by the defendants, and which was admitted against their objection. Where the evidence is not wholly preserved, and brought into the record, the decision of questions of fact will not be disturbed. And this rule is the same whether the trial below were to the court, to a jury, or to a referee. We must presume, therefore, that all of the facts reported by the referee were well supported by the evidence upon which he acted.

It appears from the referee's report that, on the twenty-first of August, 1871, the plaintiff sold, and by the usual warranty deed conveyed, to the defendants, Vollentine, Tidball, and Haine, a parcel of land on which there was then a mortgage previously given by him to one Welton as security for a promissory note for eleven hundred and forty dollars and sixty-three cents, together with a small amount of interest. To make good his warranty against this incumbrance, the plaintiff at the same time gave to his grantees a mortgage upon other land which he then owned. Thus matters stood for a few days when the plaintiff arranged to sell a stock of goods to the firm of Parker & Armstrong, and for which he was to take, in part payment, Armstrong's obligation, secured by mortgage, to pay off and secure him harmless from the Welton debt. At the request of Vollentine, Tidball & Haine, and in consideration of their agreement " to save the said Farmer harmless from all liability on account of said mortgage and note executed by said Farmer to Welton," the Armstrong obligation was given directly to them, they at the same time formally releasing Farmer from his warranty by surrendering and cancelling the mortgage which he had previously given as an indemnity against Welton's claim. The mortgage given by Armstrong as security for the due performance of his engagement, contained this pro-

vision, viz.: "If the said James J. Armstrong, his heirs, executors, or administrators, shall pay, or cause to be paid, to A. Welton, his heirs, executors, or assigns, the amount of one certain promissory note for eleven hundred forty-four dollars and twenty-five cents, given by one R. E. Farmer to the said A. Welton, and secured by a mortgage on the north half of the north-east quarter, and the east half of the north-west quarter of section three, in town eleven north, of range eight east of of the sixth principal meridian, being in Lancaster county, Nebraska, then these presents to be void, otherwise to remain in full force."

By this arrangement Vollentine, Tidball, and Haine were not only given the means by Farmer with which to remove this incumbrance, and thus made good his warranty of title, but, in consideration thereof, they undertook to protect him as against his personal liability to Welton under his mortgage. To the extent of affording this protection to Farmer, the means thus placed in their hands virtually became a trust fund, which they were not at liberty to divert from the particular object for which they received it to the prejudice of Farmer. They could, it is true, if they saw fit, allow their own lands to be sacrificed by the foreclosure of the Welton mortgage, but equity will not permit them to visit the loss thus occasioned finally upon Farmer. And as to the authority of the court to compel the proper application of this fund there can be no doubt. It is clearly within the jurisdiction of a court of equity to interfere and prevent an improper diversion of a specific fund devoted to a particular use, whenever such interference becomes necessary to prevent a great or irreparable injury, or to avoid a multiplicity of suits. In this case we think the jurisdiction of the court clearly sustainable on the latter ground alone.

JUDGMENT AFFIRMED.